UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-11-H

**CONNIE MARSHALL**                                                              **PLAINTIFF**

v.

**STEVE DUNCAN** *et al.*                                                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* action against Steve Duncan, WHAS, Channel 11, and WLKY, Channel 32. Plaintiff claims that Defendants "violated FCC Rules and the Communications Act of 1934, Conspired to sabotage Ms. Marshall's Campaign by fraud and defrauding the public, Violated Equal Protection Act (as the Major's Office is a job), and Violated Political Policies and blatantly continuously denied me equal treatment and equal rights because I am a black female." Plaintiff's complaints stem from Defendants' failure and/or refusal to cover her candidacy for mayor of Louisville Metro.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim and as frivolous.

### FCC Rules and the Communications Act of 1934

The fairness doctrine imposes a general duty that licensees provide adequate coverage of important public issues and that such coverage reflects the major viewpoints held on the topic in dispute. *Columbia Broadcasting System, Inc. v. Democratic National Committee*, 412 U.S. 94,

(1973). Enforcement and vindication of the public interests which the fairness doctrine serves are vested in the Federal Communications Commission. *Michigan United Conservation Clubs v. CBS News*, 485 F. Supp. 893, 903 (W.D. Mich. 1980); *Gordon v. National Broadcasting Co.*, 287 F. Supp. 452, 455 (S.D.N.Y. 1968). Under its regulations and procedures, an aggrieved individual may, in a proper case, obtain relief from this administrative agency. The sole function of the courts in enforcing the fairness doctrine is to review final orders of the Federal Communications Commission. *See id*. The instant complaint contains no hint that Marshall has applied to the Federal Communications Commission for relief. Accordingly, any claim based on Federal Communications Commission Rules must be dismissed for failure to exhaust the federal administrative remedies provided by Congress.

**Equal Employment Rights--Title VII**

A plaintiff's right to equal employment with regard to race and sex is enforced through Title VII of the Civil Rights Act of 1964. There are two problems with Plaintiff's equal employment rights claim in this case. First, a Title VII claim can only be brought against one's employer. *See Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003). The Defendants are not the mayor's employer. Furthermore, in order to satisfy the prerequisites of a Title VII employment-discrimination action, a claimant must file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and timely act on the Commission's Right-to-Sue letter. *Minnis v. McDonnell Douglas Tech. Servs. Co.*, 162 F. Supp. 2d 718, 729 ( E.D. Mich. 2001). Plaintiff has not presented the Court with a Right-to-Sue letter from the EEOC. For these reasons, Marshall's employment-discrimination claims must be dismissed.

**Section 1983 claims**

Because Plaintiff references civil rights, the Court believes that she may be attempting to bring a claim under 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to recover under § 1983, a plaintiff must show the deprivation of a federal right through conduct which is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). That is, "the party charged with the deprivation must be a person who . . . . is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State." *Id.* Defendant news providers and their employees are not state actors. *See, e.g.*, *Davis v. Janczewski*, 22 F. App'x 533, 534 (6th Cir. 2001) ("[D]efendant Janczewski cannot be said to have been acting under color of state law in reporting for a local newspaper."); *Hall v. Witteman*, No. 07-4128-SAC, 2008 U.S. Dist. LEXIS 77479 (D. Kan. Oct. 1, 2008) ("Generally, a newspaper is a private enterprise, not a state actor and cannot be held liable under § 1983 for publishing the news. This remains true even when the newspaper publishes information received from police or other state officials.") (internal citations omitted). Thus, Plaintiff cannot maintain a § 1983 claim against Defendants because they are not state actors.

Furthermore, a news station has a First Amendment free press right to refuse to cover material submitted to it. *See Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241 (1974). For this reason, a federal court cannot compel a news provider to cover a story submitted to it by a citizen. *Id.* at 255-56. Because the defendants cannot be compelled by a federal court to cover Marshall's candidacy, her complaint fails to state a claim for relief.

**Section 1981 claims**

Forty-two U.S.C. § 1981 prohibits racial discrimination in the making and enforcing of private contracts. Marshall's complaint does not allege the existence of a contract between herself and Defendants. Furthermore, neither white citizens nor non-white citizens have a contractual right to have material published by a newspaper or covered by a particular television station. *See Groswirt v. Columbus Dispatch*, No. 00-3451, 2000 U.S. App. LEXIS 33466, *5-6 (6th Cir. Dec. 13, 2000).

**Conspiracy/Fraud claims**

"The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Plaintiff's conspiracy and fraud claims are based on the type of "fantastic," "delusional" and "incredible" allegations that warrant dismissal as factually frivolous. Essentially, Plaintiff believes that Defendants are part of a vast state and federal conspiracy against her that has been going on for over six years (and has been the subject of dozens of lawsuits in this Court). This alleged conspiracy is illogical and delusional. *See Knight v. Foxworth*, No. 6:07cv70, 2007 U.S.

4

Dist. LEXIS 61727 (E.D. Tex. Aug. 22, 2007) ("In this case, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible."). Accordingly, Plaintiff's fraud and conspiracy claims will be dismissed as frivolous.

The Court will enter a separate order of dismissal.

Date:


cc: Plaintiff, *pro se*
  Defendants
4412.008

5